FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 13, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MIKEY W., | No. 4:20-CV-05102-JTR |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |
| v. | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 18, 20. Attorney Thomas Bothwell represents Mikey W. (Plaintiff); Special Assistant United States Attorney Alexis Toma represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed an application for Supplemental Security Income on May 2, 2017, alleging disability since September 15, 2013,[1] due to chronic back pain from a slipped disc, PTSD, and depression. Tr. 73. The application was denied initially and upon reconsideration. Tr. 102-05, 109-11. Administrative Law Judge (ALJ) Mark Kim held a hearing on June 25, 2019, Tr. 35-71, and issued an unfavorable decision on July 10, 2019. Tr. 15-30. Plaintiff requested review of the ALJ's decision by the Appeals Council. Tr. 159-60. The Appeals Council denied the request for review on May 13, 2020. Tr. 1-5. The ALJ's July 2019 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on June 22, 2020. ECF No. 1.

**STATEMENT OF FACTS**

Plaintiff was born in 1982 and was 27 years old as of the filing of his application. Tr. 28. He has an associate's degree in general studies and additional training in carpentry and welding. Tr. 40, 400, 589. He has a limited work history, with work primarily in construction labor. Tr. 64, 190, 400. Following a back injury, he underwent L5-S1 microdiscectomy in 2013, with revision surgery in 2014. Tr. 270, 481. He continued to report back pain and subsequently underwent epidural steroid injections, medial branch blocks, and a radiofrequency ablation. Tr. 603, 610, 637, 655-56, 680. He has also received treatment for a variety of emergent physical issues and multiple mental health conditions.

**STANDARD OF REVIEW**

The ALJ is responsible for determining the reliability of a claimant's allegations, resolving conflicts in medical testimony, and resolving ambiguities.

---

[1] Plaintiff later amended his alleged onset date to May 2, 2017, the protected filing date. Tr. 38.

*Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the

claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On July 10, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-30.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: lumbar degenerative disc disease, PTSD, depressive disorder, and anxiety disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform a range of light work, with the following limitations:

> He can never crawl or climb ladders, ropes or scaffolds; occasionally climb ramps and stairs; occasionally stoop, kneel and crouch; occasional overhead reaching with the bilateral upper extremities, but cannot lift weights overhead at the light level (i.e., 20 pounds occasionally and 10 pounds frequently) and is limited to overhead lifting at the sedentary lift/carry levels. The claimant must avoid all exposure to extreme temperatures, excessive vibration, and hazards such as dangerous moving machinery and unprotected heights; work limited to a reasoning level of 3 or less; occasional changes in the work setting; superficial and less than occasional interaction with the public; occasional and superficial interaction with coworkers.

Tr. 19-20.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a construction worker. Tr. 27.

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of merchandise marker, meter reader, and grain picker. Tr. 29. The ALJ alternatively found that if Plaintiff were limited to sedentary work, he could perform the jobs of toy stuffer, bit shaver, and table worker. *Id.*

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 30.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) rejecting all treating and examining doctors' opinions; (2) giving undue weight to the state agency psychologist; (3) finding Plaintiff's mental impairments did not meet or equal a Listing; (4) improperly discrediting Plaintiff's testimony; and (5) making unsupported step five findings.

## DISCUSSION

### 1.    Medical opinions

Plaintiff contends the ALJ erred by improperly assessing the medical opinions. Specifically, he asserts the ALJ erred in rejecting the opinions from the treating and examining sources and in giving undue weight to the state agency reviewing doctors. ECF No. 18 at 8-17.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence.

*Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL
168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new
regulations provide the ALJ will no longer give any specific evidentiary weight to
medical opinions or prior administrative medical findings, including those from
treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider
the persuasiveness of each medical opinion and prior administrative medical
finding, regardless of whether the medical source is an Acceptable Medical Source.
20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors,
including supportability, consistency, the source's relationship with the claimant,
any specialization of the source, and other factors (such as the source's familiarity
with other evidence in the file or an understanding of Social Security's disability
program). *Id.* The regulations make clear that the supportability and consistency of
the opinion are the most important factors, and the ALJ must articulate how they
considered those factors in determining the persuasiveness of each medical opinion
or prior administrative medical finding. 20 C.F.R. § 416.920a(b). The ALJ may
explain how they considered the other factors, but is not required to do so, except
in cases where two or more opinions are equally well-supported and consistent
with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) *Supportability.* The more relevant the objective medical evidence
and supporting explanations presented by a medical source are to
support his or her medical opinion(s) or prior administrative medical
finding(s), the more persuasive the medical opinions or prior
administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior
administrative medical finding(s) is with the evidence from other
medical sources and nonmedical sources in the claim, the more
persuasive the medical opinion(s) or prior administrative medical
finding(s) will be.

20 C.F.R. § 416.920c(c). [2]

### *a. Dr. Opara and Dr. Martin*

In connection with his application for benefits, Plaintiff underwent a consultative physical evaluation with Dr. James Opara in July 2017. Tr. 393-96. Dr. Opara diagnosed chronic back pain due to lumbar disc disease, along with mental health conditions. Tr. 396. He opined Plaintiff was limited to lifting and carrying 20 pounds occasionally and 10 pounds frequently and could stand and walk for two hours in an eight-hour workday. He might benefit from the use of a cane for support. Tr. 396.

At the reconsideration stage of adjudication, Dr. Louis Martin reviewed the file, including Dr. Opara's report, and concurred with the limitation to light level lifting with only two hours of standing and walking. Tr. 91-92, 95-96. Dr. Martin found Dr. Opara's opinion to be consistent with the findings. 94-95.

The ALJ found each of these opinions to be partially persuasive. He assessed both opinions in terms of supportability and consistency, finding them to be supported and generally consistent with the longitudinal evidence. Tr. 24-25. However, the ALJ found the record did not support a limitation to standing and walking two hours a day, noting while some exams in the record (including Dr. Opara's) documented antalgic gait, foot drop, and decreased strength and sensation in the legs, these objective findings did not appear consistently throughout the record. *Id.*

---

[2] The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether an ALJ is still required to provide specific and legitimate reasons for discounting a contradicted opinion from a treating or examining physician or clear and convincing reasons for discounting an uncontradicted opinion. ECF No. 20 at 6-8; ECF No. 21 at 2-3. The Court finds resolution of this question unnecessary to the disposition of this case.

Plaintiff argues these opinions are uncontroverted, and the ALJ made his own unsupported medical judgment of what objective findings were necessary to support standing and walking limitations. ECF No. 18 at 12-13. Defendant argues the ALJ reasonably interpreted the record, citing multiple examples of Plaintiff's inconsistent presentation at contemporaneous visits and the various normal findings throughout the record. ECF No. 20 at 12.

The Court finds that, while the ALJ discussed the required factors of consistency and supportability, his assessment is not supported by substantial evidence. The ALJ noted the majority of the records showed normal gait and station and no significant motor or sensory deficits, consistent with an ability to stand and walk six hours in a day. Tr. 24, 25. However, the ALJ cites no evidence in support of this medical conclusion. Dr. Opara assessed standing and walking limitations based on observations of tenderness and limited range of motion of the lumbar spine, in addition to right foot drop. Tr. 396. Dr. Martin's review of the records available included at least one record noting normal coordination and gait, yet he still concluded Dr. Opara's limitations were supported and that Plaintiff was limited to two hours of standing and walking. Tr. 91. Plaintiff continued to present with tenderness and limited range of motion throughout the relevant period, along with other objective indicators of his back pain. Tr. 415, 439, 615, 631, 634, 639, 666, 669. It is not clear to the Court that normal findings in the areas identified by the ALJ negate other objective findings that are indicative of limitations on standing and walking. Therefore, the ALJ's rationale for disregarding the standing and walking limits assessed by Dr. Opara and Dr. Martin is not supported by substantial evidence. On remand, the ALJ will reconsider these opinions. [3]

_____

[3] Defendant argues that even if the ALJ erred in disregarding the standing and walking limits, it was a harmless error due to the alternative step five findings identifying sedentary jobs Plaintiff would have been capable of performing. ECF

### b. Drs. Dechter, Hoitink, and Murphy

In early 2019, three of Plaintiff's treating providers, Dr. John Murphy, Dr. Mark Hoitink, and Dr. Stephen Dechter completed questionnaires in which they indicated Plaintiff was not capable of full-time work at any exertional level, based on his various physical impairments. Tr. 471, 472, 479.

The ALJ found each of these opinions to be unpersuasive, noting that they commented on an issue reserved to the commissioner, were check box forms with little explanation, failed to establish a duration of impairment, and were inconsistent with objective evidence in the record, Plaintiff's activities, and the opinions from Dr. Opara and the state agency doctors. Tr. 26-27. The ALJ additionally found Dr. Dechter's opinion to be inconsistent with the doctor's own treatment records showing symptom exaggeration and poor effort. Tr. 27.

Plaintiff argues the ALJ's rationale was inconsistent with controlling case law and not supported by the evidence in the record. ECF No. 18 at 9-11.

---

No. 20 at 13. The Court finds the error is not harmless, as the ALJ failed to identify sedentary jobs that exist in significant numbers. Tr. 29 (noting a total of 7,950 jobs, as testified to by the vocational expert). While a bright line rule for how many jobs constitute "significant numbers" has not been established, Ninth Circuit case law and other rulings from this district indicate 7,950 is not significant. *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519 (9th Cir. 2014)(finding 25,000 to be a close call, but ultimately sufficient); *Lemauga v. Berryhill*, 686 Fed. Appx. 420, 422 (9th Cir. 2017)(acknowledging SSA did not argue that 12,600 represented a significant number and noting the court had never found a similar number to be significant); *Andrea L. v. Saul*, No.2:18-cv-00253-MKD, 2020 WL 888520, (E. D. Wash., Feb. 4, 2020)(holding 15,000 to 16,000 national jobs was not significant); *Lora M. v. Comm'r of Soc. Sec.*, No. 2:18-cv-00198-MKD, 2019 WL 2130303 (E. D. Wash., Apr. 5, 2019)(holding 8,500 national jobs did not constitute significant numbers).

Defendant argues the ALJ complied with the new regulations for evaluating evidence and reasonably interpreted the record. ECF No. 20 at 9-11.

The Court finds no error. Under the revised regulations for evaluating evidence, the Agency makes clear that opinions on issues reserved to the Commissioner, including statements that an individual is disabled and unable to perform regular work, are "inherently neither valuable nor persuasive" and are not due any analysis as to how they are considered. 20 C.F.R. § 416.920b(c)(3). Because the opinions from the treating sources do not comment on Plaintiff's specific work-related functional limitations and comment only on the ultimate issue of disability, the ALJ was not required to provide any further analysis.

### c. Psychological opinions

Plaintiff argues the ALJ erred in his assessment of the psychological opinion from Dr. N. K. Marks, and briefly asserts the ALJ's analysis of the other mental health opinions was similarly flawed. ECF No. 18 at 13-16.

As this claim is being remanded for reconsideration of other evidence, the ALJ shall also reconsider the other various opinions in the record, taking into consideration any further development of the record.

### 2. Plaintiff's subjective statements

Plaintiff contends the ALJ erred by improperly rejecting his subjective complaints, asserting the ALJ failed to mention objective evidence that supports Plaintiff's assertions. ECF No. 18 at 18-19.

It is the province of the ALJ to make determinations regarding a claimant's allegations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative

evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 21. The ALJ found Plaintiff's allegations were unsupported by the physical and psychological treatment records and were undermined by evidence of improvement with treatment, Plaintiff's activities, evidence of inconsistent statements and symptom magnification, and indications that his unemployment may have been due to factors other than his medical impairments. Tr. 21-24.

Plaintiff has failed to address or challenge any of the ALJ's specific reasons for discounting his subjective claims. However, as this claim is being remanded for reevaluation of the medical opinion evidence, the ALJ shall also reconsider Plaintiff's subjective complaints in connection with the medical evidence and other evidence of record.

**3.    Additional errors**

Plaintiff additionally asserts the ALJ erred at step three and step five, based on his rejection of the medical opinion evidence. ECF No. 18 at 16-19. As this claim is being remanded for further consideration of the medical opinions, the ALJ will be required to make updated findings on each of the steps in the sequential evaluation process.

///

# CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id.* Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate the medical evidence and Plaintiff's subjective complaints, making findings on each of the five steps of the sequential evaluation process, obtain supplemental testimony from a vocational expert as needed, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED IN PART**.

2.  Defendant's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

3.  The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.  An application for attorney fees may be filed by separate motion.

///
///
///
///
///

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED July 13, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE